

**FILED**

MAR 0 3 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**21 CV - 0 9 5 JFH - JFJ**

Allison Kathleen Aytes

-against-

Jelena McWilliams, Chairman,

Federal Deposit Insurance Corporation

**Complaint for a Civil Case**

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☒ No
              *(check one)*

---

___ Mail    ___ No Cert Svc    ___ No Orig Sign

___ C/J     ___ C/MJ    ___ C/Ret'd    ___ No Env

___ No Cpys    ___ No Env/Cpys    ___ O/J    ___ O/MJ

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Allison Kathleen Aytes |
   | Street Address | 3313 W. Houston Place |
   | City and County | Broken Arrow, Tulsa County |
   | State and Zip Code | Oklahoma 74012 |
   | Telephone Number | (214) 799-6089 |
   | E-mail Address | Allison.aytes@gmail.com |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1

   | | |
   |---|---|
   | Name | Jelena McWilliams |
   | Job or Title (if known) | FDIC Chairman |
   | Street Address | 550 17th Street, N.W. |
   | City and County | Washington, D.C. |
   | State and Zip Code | Washington, D.C. 20429 |
   | Telephone Number | (877) 275-3342 |
   | E-mail Address (if known) | |

II.  **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State

as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

      X Federal question             X Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.**      **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Equal Employment Opportunity unlawful violations of disability discrimination, retaliation, and hostile working environment protected by the federal statute Americans with Disabilities Act.

**B.**      **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, Allison Aytes, is a citizen of the State of Oklahoma.

    b. If the plaintiff is a corporation

    The plaintiff, Federal Deposit Insurance Corporation, is incorporated under the laws of the State of Washington, D.C., and has its principal place of business in the State of (name) Washington, D.C.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    The FDIC owes Allison Aytes reasonable the monetary remedy of $940,000.

### III. Statement of Claim

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Allison Aytes (Plaintiff) was employed by the Federal Deposit Insurance Corporation ("Agency") from 2010 to 2015. Plaintiff had a formal reasonable medical telework accommodation (RMTA) for telework one day a week and as needed for autoimmune flares. Plaintiff has a documented disability consisting of Systemic lupus erythematosus (SLE), fibromyalgia, Type II diabetes, hypothyroidism, and arthritis. Symptoms include chronic migraines, gastrointestinal issues, joint and muscle pain, respiratory and kidney infections, and ulcers. In 2013, Agency unlawfully revoked Plaintiff's formal RMTA without warning or legitimate, nondiscriminatory, business reason. Agency allowed management to revoke the RMTA on the basis that Plaintiff did not look disabled and did not need accommodation for medical telework.

Agency discriminated by allowing management to revoke the accommodation in 2013 because of an "invisible disability," and failed to provide reasonable accommodation for the duration of Plaintiff's employment. Plaintiff was wholly capable of performing job duties and managing the disability while the RMTA was in place without undue hardship to Agency. Agency claimed Plaintiff's RMTA was an undocumented disability and would not be recognized. In fact, a formal agreement was signed by management, filed with Agency and Office of Personnel Management, and approved in biweekly timecards prior to the RMTA's revocation. Plaintiff provided additional medical documentation to the Agency medical team, but management refused to accept them unless they could personally read my medical records.

During 2014 and 2015, Plaintiff followed Agency guidelines to challenge the lawfulness of the revocation and reported the discrimination to upper management, filed a union grievance, and an Equal Employment Opportunity Commission (EEOC) complaint. Agency retaliated by effectively demoting Plaintiff. Prior to reporting, Plaintiff was assigned to lead special projects, received high-performance appraisals, monetary recognition bonuses, and positive peer reviews. After reporting, management removed assignments and responsibilities, reassigned special projects, and notified coworkers Plaintiff was unable to perform job duties. Agency supported a pervasively hostile work environment where management consistently and publicly told coworkers and other management that Plaintiff

was a poor employee although the facts disputed those claims.

Plaintiff made repeated requests for assistance to upper-division management, human resources, and administration, but Agency failed to protect Plaintiff and permitted the ongoing activity. The stress of the retaliation and hostile work environment had a disparate impact on Plaintiff's health and exacerbated symptoms prevented her from working in the office. Plaintiff's management used that as a reason for disciplinary actions, refused to approve telework, and did not approve time off for surgery, despite physician's orders.

Agency would not resolve the problems internally and told Plaintiff to file an EEOC complaint in 2015 and asked to transfer to different management or division. Management denied the request because it put them in a "bad light" and "reflected negatively" on the department. After the request, Agency filed a 14-day suspension using falsified evidence, put Plaintiff on a 90-day performance improvement plan (PIP), and gave an unwarranted performance review that supported termination. Agency's actions prevented Plaintiff from working in the industry.

Agency subjected Plaintiff to verbal abuse, threats, schedule changes, and diminished work assignments, which ultimately forced Plaintiff to resign. Agency did not protect Plaintiff from disability discrimination and pervasive retaliation, and it fostered a hostile working environment. Plaintiff requests reasonable monetary relief of $940,000 for the withdrawal or reduction of pay, unpaid sick leave, unpaid telework allowances, medical bills, and attorney fees. Plaintiff also monetary relief for six years for lost income because the disciplinary actions prevented Plaintiff from working in the industry again.

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff requests reasonable monetary relief of $940,000 for the withdrawal or reduction of pay, unpaid sick leave, unpaid telework allowances, medical bills, and attorney fees. Plaintiff also monetary relief for six years for lost income because the disciplinary actions prevented Plaintiff from working in the industry again.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 1, 2021.

Signature of Plaintiff   *Allison Kathleen Aytes*
Printed Name of Plaintiff   Allison Kathleen Aytes

