

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON KATHLEEN AYTES,<br>    Plaintiff,<br>v.<br><br>JELENA McWILLIAMS, CHAIRMAN,<br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION<br>    Defendants. | Case No. 21-CV-095-JFH-SH<br>Jury Trial:   ☐ Yes ■ No<br><br>**FILED**<br>OCT 0 8 2021<br>Mark C. McCartt, Clerk<br>U.S. DISTRICT COURT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

PLAINTIFF, ALLISON KATHLEEN AYTES ("Plaintiff") submits this opposition to defendant's Motion to Dismiss, or in the Alternative Transfer, Amended Complaint and Brief in Support.

Defendant has moved that the court dismiss plaintiff's amended complaint stating venue is improper in the Northern District of Oklahoma, because it:

(1) fails to timely exhaust administrative remedies with respect to some of her claims; and

(2) fails to state a plausible claim upon which relief can be granted.

Plaintiff filed Complaint in the appropriate federal court, exhausted the administrative remedies available to her, and stated plausible claims upon which relief should be granted. Accordingly, defendant's motions should be denied.

**I.**    **The Parties to This Complaint**

    **A. Plaintiff**

Allison Kathleen Aytes resides at 3313 W. Houston Place, Broken Arrow, OK 74012.

**B. Defendant**

Jelena McWilliams, Chairman, Federal Deposit Insurance Corporation, as Agent, is located at 550 17th N.W., Washington, D.C. 20429. Proof of service shall be made to Debra Decker, Deputy Executive Secretary at same address.

**II.  Plaintiff's statement of facts from which the court may draw conclusions.**

The District Court's form to file a Pro Se (ProSe-01) civil action instructs the plaintiff to include important facts, without citing legal authority or arguments in this complaint. The plaintiff alleges that the factual events, dates, and responsible management officials in this complaint create a plausible claim for disability discrimination, retaliation, and hostile work environment against the Agency. The plaintiff intends to include only facts from which the court may draw conclusions, and which can be supported by evidence plaintiff intends to introduce in a trial. Plaintiff's claims are not meant to be conclusory but instead facts she believes support her claims. Pursuant to Rule 12(b)(6) the court must accept plaintiff's factual allegations as true and must construe the complaint in plaintiff's favor and should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**III.  Jurisdiction and Venue**

  **A. Basis for Jurisdiction**

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the federal question case arises under federal laws, and the diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of Oklahoma, and the defendant is a government agency located in Washington, D.C. ("D.C."), for an amount greater than $75,000.

**B. Venue**

Venue in the District Court is proper pursuant to 28 U.S. Code § 1391, and Agency Directive 2710.2. The defendant is an officer of a United States government agency acting in her official capacity, and the plaintiff resides in Broken Arrow, Oklahoma, within this judicial district, and no real property is involved. Plaintiff is authorized to initiate this action pursuant to [1]sections 504 and 508 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended by the Rehabilitation Act Amendments of 1974, the Rehabilitation, Comprehensive Services, and Developmental Disabilities Amendments of 1978, and the Workforce Investment Act of 1998. The provisions of the American with Disabilities Act ("ADA") prohibits job discrimination and will be enforced by the EEOC following the same procedures pursuant to Title VII of the Civil Rights Act of 1964.

Under the provisions of Part 352 at 69 Fed. Reg. 26492, sections 504 and 508, an Agency shall process complaints alleging employment discrimination on the basis of disability according to the procedures established by the EEOC in 29 CFR parts 1614 and 1630 and section 501 of the Rehabilitation Act. Pursuant to this policy, plaintiff filed an EEOC complaint against the Agency on March 30, 2015.

IV. **Plaintiff's response to defendant's Motion to Dismiss**

   **A. Defendant's claim of improper venue.**

   In support of their motion, defendant argues that "there is not a single allegation that

---

[1] The Plaintiff is authorized to initiate this action pursuant to sections 504 and 508 of the Rehabilitation Act of 1973 ("Rehabilitation Act") (Pub. L. 93--112, 87 Stat. 394 (29 U.S.C. 794 and 794(d), as amended by the Rehabilitation Act Amendments of 1974 (Pub. L. 93--516, 88 Stat. 1617), the Rehabilitation, Comprehensive Services, and Developmental Disabilities Amendments of 1978 (Pub. L. 95--602, 92 Stat. 2955), and the Workforce Investment Act of 1998 (Pub. L. 105--220, 112 Stat. 936). Under the provisions of Part 352 at 69 Fed. Reg. 26492, sections 504 and 508, the Agency shall process complaints alleging employment discrimination on the basis of disability according to the procedures established by the EEOC in 29 CFR parts 1614 and 1630 and section 501 of the Rehabilitation Act.

any alleged unlawful employment practice, or any conduct of any sort for that matter, occurred in the Northern District of Oklahoma," and that the "amended complaint fails to properly allege venue as none of the alleged discriminatory conduct occurred in the Northern District of Oklahoma." This court is the proper venue for plaintiff's complaint pursuant to both the Rehabilitation Act of 1973 29 U.S.C. § 701 et seq., as well as the Americans with Disabilities Act.

### 1. Northern District of Oklahoma is the appropriate district.

The Northern District of Oklahoma is the proper venue pursuant to 28 U.S.C. § 1391(a) applicability of section (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature; and (b) venue in general (3) if there is no district in which an action may otherwise brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. Also, 28 U.S.C. §1391(e) actions where defendant is officer or employee of the United States (1) in general – a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, may be brought in any judicial district in which (c) the plaintiff resides if no real property is involved in the action.

Pursuant to Federal Civil Procedure Rule 28 U.S.C. § 1391, general venue rules apply to this case and the United States Northern District Court of Oklahoma shall have jurisdiction of actions brought under this subchapter. Such actions may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed…or in the judicial district in which the aggrieved person would have

worked but for the alleged unlawful employment practice.

### 2. Agency's alleged actions in the State of Oklahoma

Plaintiff's amended complaint alleges that defendant's retaliatory actions in the Northern District of Oklahoma are sufficient to demonstrate that this court is the proper venue for this action. While plaintiff states that some of the alleged unlawful conduct took place in the FDIC's office in Manhattan and Washington, D.C., the alleged discriminatory and retaliatory actions continued in Oklahoma after it became her place of residency. Plaintiff moved to Oklahoma once she was unable to secure employment in New York after defendant issued unsatisfactory performance reviews, suspended plaintiff, and took action to "ensure plaintiff never worked in the industry again."

Plaintiff alleges that the criminal action the defendant initiated in the Eastern District of New York was retaliation by defendant because plaintiff reported its unlawful actions to administration and other authorities. Immediately after plaintiff resigned, agents from the FDIC and FDIC Office of Inspector General ("OIG") contacted offices of the six largest financial institutions in New York where plaintiff applied for employment, claiming that plaintiff had committed crimes of theft and violated their confidentiality.

In October 2017, following her move to Oklahoma, plaintiff was arrested in her place of employment by an agent of the FDIC's Dallas Office, and was subsequently terminated after her indictment in 2018. Plaintiff claims that all actions taken by defendant during the plaintiff's criminal case were an extension of the retaliation which began in the Washington, DC, and New York offices of defendant. Ultimately, plaintiff was acquitted in the criminal case while domiciled in Oklahoma.

The majority of the EEOC process against defendant for discrimination, retaliation,

and hostile work environment was conducted in Oklahoma between 2015 and 2021. Additionally, plaintiff believes the EEOC claim would have prejudiced another employer from employment, especially within her chosen industry. Therefore, plaintiff believes this court is the proper venue in which to bring this complaint.

## V. Plaintiff's response to defendant's claim of administrative remedies.

Plaintiff effectively exhausted all administrative remedies as a federal employee by following Agency protocol and reporting discrimination, retaliation, and hostile work environment first to the Agency Ombudsman in January 2014, then Offices of Administration and Human Resources on multiple occasions between January 2014 and September 2015, and finally to Agency Division Associate Director, Deputy Director, and Director between March 2014 and September 2015.

Plaintiff spoke with union representative in February 2014 and filed grievance in March 2014 in order to reinstate a reasonable accommodation, and report harassment by her immediate supervisors. Plaintiff sought to maintain her position with the Agency. After exhausting Agency procedures, plaintiff followed the suggestion of Division Director Art Murton in March 2014, and filed a formal EEOC complaint. Plaintiff believes her effective termination was a direct result of that claim.

Pursuant to 29 C.F.R. § 1614.105 Pre-complaint Processing (a) Aggrieved persons who believe that they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a counselor prior to filing a complaint in order to try to informally resolve the matter (1) an aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of

the action. Plaintiff's original contact with agency administrative personnel regarding alleged actions occurred on January 20, 2013. Plaintiff initiated a formal EEOC claim alleging ongoing discrimination, retaliation, and hostile work environment between December 2013 through September 2015. Federal courts have held that regulatory exhaustion requirements are not a jurisdictional prerequisite and filing a claim for a single, discreet incident within 45 days of the action does not bar a federal court from assuming jurisdiction over a claim.

## CONCLUSION

The court should deny defendant's motion to dismiss plaintiff's first amended complaint.

Date of signing: October 8, 2021.

Signature of Plaintiff
Printed Name of Plaintiff

Allison Kathleen Aytes
3313 W. Houston Place
Broken Arrow, OK 74012
(214) 799-6089

## Certificate of Service

I hereby certify that on October 8, 2021, I filed the foregoing with the Clerk of the Court and mailed a copy to the defendant:

CLINTON J. JOHNSON, Acting United States Attorney
Jeffrey A. Gallant, Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119

_____
Allison K. Aytes, Plaintiff