**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALLISON KATHLEEN AYTES,** | | |
| **Plaintiff,** | | |
| **v.** | | **21-CV-095-JFH-SH** |
| **JELENA McWILLIAMS,** **CHAIRMAN, FEDERAL DEPOSIT** **INSURANCE CORPORATION,** | | |
| **Defendants.** | | |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss, or in the Alternative Transfer, filed by Defendant Jelena McWilliams, Chairman of the Federal Deposit Insurance Corporation ("FDIC") [Dkt. No. 17].  For the reasons set forth below, the Motion to Transfer is GRANTED.

**I.       PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

Ms. Aytes, proceeding *pro se*, filed her Complaint against the FDIC on March 3, 2021 [Dkt. No. 1] and an Amended Complaint on September 13, 2021 [Dkt. No. 15] alleging the FDIC engaged in employment disability discrimination against her.  The Amended Complaint asserts causes of action for employment discrimination against the FDIC under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*., and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Dkt. No. 15 at 3.  The United States of America, on behalf of the FDIC, moved to dismiss the Amended Complaint on September 24, 2021, arguing Ms. Aytes' suit should be dismissed or transferred pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in the Northern District of Oklahoma.  Dkt. No. 17 at 1.  The FDIC further asserts Ms. Aytes' suit is subject to dismissal for her partial failure to exhaust the administrative remedies available to her

and because the Amended Complaint fails to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6).  *Id.*

In 2010, Ms. Aytes alleges she began working for the FDIC in its Division of Resolution and Receivership in Dallas, Texas as an "Internal Review Specialist, performing internal audits and leading teams in domestic and international banking reviews."  *Id.* at 4.  On January 1, 2012, Ms. Aytes was promoted to the position of "Cross Border Specialist" and began "working on large, complex financial institutions" with the FDIC's "New York Office of Complex Financial Institutions in the International Division" until her resignation in September 2015.  *Id.*  During her time working as a Cross Border Specialist in the New York office, Ms. Aytes' supervisors all worked in Washington, D.C., and Ms. Aytes "interacted with them via conference calls or she traveled to the D.C. office."  *Id.*

Ms. Aytes alleges she suffers from a variety of medical conditions and documented disabilities.  *Id.* at 5-7.  As an accommodation for these conditions, the FDIC permitted Ms. Aytes to telework at least once a week under both verbal and written telework agreements beginning in 2010.  *Id.* at 7-8.  However, Ms. Aytes' telework arrangement was terminated by her FDIC supervisors without notice on December 10, 2013, allegedly because she "did not look disabled" and did not "need any accommodation for a disability."  *Id.* at 8-9.  Between 2014 and 2015, Ms. Aytes alleges three specific supervisors, Ms. Luk, Mr. Fox, and Mr. Tarpley, engaged in efforts to deny telework accommodations for her disabilities.  *Id.* at 7.

The Amended Complaint contains a litany of allegations against Ms. Aytes' FDIC supervisors, but the crux of her complaints revolves around the alleged disability discrimination she experienced following revocation of her telework agreement in December 2013 and the retaliation she suffered after challenging this denial prior to her resignation in September 2015.

According to Ms. Aytes, this retaliation culminated in a federal criminal prosecution against her in the Eastern District of New York after a supervisor accused her of stealing confidential FDIC information.  *Id*. at 19-20.  Finding it necessary to transfer Ms. Aytes' case, the Court will focus its analysis on the appropriate venue for her suit.

## II.     ANALYSIS

Because Ms. Aytes proceeds *pro se*, the court holds her to a "less stringent" standard when reviewing her pleadings and allegations.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Under this standard, the Court must liberally construe the Amended Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  However, a plaintiff still holds the burden to establish that venue is proper in the district where her suit is filed once challenged by a defendant.  *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F.Supp.2d 1051, 1058 (D.Kan. 2006).

With respect to the venue allegations in her Amended Complaint, Ms. Aytes states she currently resides in Broken Arrow, Oklahoma, within the Northern District of Oklahoma.  *See* Dkt. No. 15 at 2.  Ms. Aytes further asserts federal question and diversity jurisdiction for her claims pursuant to 28 U.S.C. §§ 1331, 1332 and that venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391.  *Id*. at 2-3.  For claims against the United States, § 1391(e) provides a general venue provision which permits suits to be brought in the district where the plaintiff resides.  However, contrary to Ms. Aytes' assertion, the general venue provisions of § 1391 do not apply to her case.  Instead, as her causes of action arise under the Rehabilitation Act and Americans with Disabilities Act, the venue provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), apply to her claims.  *See Bolar v. Frank*, 938 F.2d 377, 378 (2d Cir. 1991) ("The

remedial and procedural provisions of Title VII, including section 2000e-5(f)(3), are incorporated in the Rehabilitation Act of 1973…").  *See also Kearns v. Henderson*, 1999 WL 615891, at *1 (D.Kan. July 16, 1999) (citing to and approving of *Bolar*); *Borchik v. CoreLogic*, 2017 WL 4407926, at *3 (D.Colo. April 24, 2017) ("As Plaintiff notes, the ADA incorporates the venue provisions of Title VII of the Civil Rights Act.  This provision, rather than the general venue statute at 28 U.S.C. § 1391, governs venue in Title VII and ADA actions"); and *Hill v. Farmers Ins. Group of Companies*, 2010 WL 1227754, at *1 (D.N.M. March 24, 2010) ("Because Congress chose to add a specific venue provision to the ADA, [§ 2000e-5(f)(3)] controls over any of the more general venue provisions that might otherwise apply.").

Under Title VII's specific venue provisions, actions alleging workplace discrimination may be brought:  1) in any judicial district in the State in which the unlawful employment practice allegedly occurred; 2) in the judicial district where employment records relevant to the unlawful employment practice are maintained and administered; or 3) in the judicial district in which a plaintiff would have worked but for the alleged unlawful conduct.  42 U.S.C. § 2000e-5(f)(3).  If the employer cannot be found in any of these places, suit may be brought within the judicial district where the employer has its principal office.  *Id*.

Here, while Ms. Aytes is a resident of the Northern District of Oklahoma, the Amended Complaint does not allege any unlawful employment practice occurred in the state while she was employed with the FDIC.  Indeed, during the time when Ms. Aytes allegedly experienced disability discrimination (December 2013 through September 2015), she lived in Brooklyn, New York [Dkt. No. 15 at 19, 25, 26], worked for the FDIC at its New York Office of Complex Financial Institutions [*Id*. at 4], and the supervisors who allegedly discriminated against her all worked in Washington D.C. [*Id*. at 4, 9].  In addition, Ms. Aytes alleges she interacted with the supervisors

located in Washington D.C. "via conference calls or she traveled to the D.C. office." *Id*. at 4. Based on the plain language of the Amended Complaint, Ms. Aytes alleges the discriminatory behavior she endured occurred either in New York or Washington, D.C. – not the State of Oklahoma.   Further, the Amended Complaint contains no allegations indicating Ms. Aytes' employment records are maintained or administered in the Northern District of Oklahoma, or that Ms. Aytes would have worked in the Northern District of Oklahoma but for the alleged discrimination.   Therefore, venue for Ms. Aytes' discrimination claims is not proper in the Northern District of Oklahoma.

Ms. Aytes responds to the FDIC's arguments regarding improper venue by alleging she was arrested in and prosecuted for the crimes discussed above while she was domiciled in Oklahoma.  Dkt. No. 19 at 5.  According to Ms. Aytes, these actions "were an extension of the retaliation which began in the Washington, DC, and New York offices of defendant." *Id*. However, Ms. Aytes does not allege FDIC officials directed or falsely pursued the prosecution against her.  Indeed, the grand jury which indicted Ms. Aytes and the United States Attorney's Office which prosecuted her are sufficiently independent of the FDIC.  Ms. Aytes' status as a resident of Oklahoma during her prosecution for crimes allegedly committed while employed by the FDIC is insufficient to establish the Northern District of Oklahoma as a proper venue for the claims alleged in the Amended Complaint.

When a case is filed in the wrong judicial district, the district court "shall dismiss" the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In determining whether a transfer in lieu of dismissal is appropriate, the court must consider whether:  (A) the claims alleged are likely to have merit; (B) a new action would be time barred if refiled in the proper forum; and (C) the claims

5

were filed in good faith or, on the other hand, if it was clear at the time of filing that venue was improper.  *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006).

In reviewing the *Trujillo* factors and considering Ms. Aytes' *pro se* status, the court finds it to be in the interest of justice to transfer Ms. Aytes' case to a proper venue rather than dismissing the Amended Complaint.  Most relevant to this consideration is that, if Ms. Aytes' case is dismissed, any subsequently filed action in the appropriate venue would likely be barred by the statute of limitations.[1]  Because venue is improper here, the FDIC's arguments regarding Ms. Aytes' failure to exhaust her administrative remedies or state a plausible claim for relief should be addressed by the court to which the case is transferred.[2]

The Court further finds the District of Columbia is the most appropriate venue for transfer of Ms. Aytes' case.  According to the Amended Complaint, Ms. Aytes' supervisors all worked in Washington, D.C. and their allegedly discriminatory conduct is reasonably inferred to have been committed in Washington, D.C.  Further, Ms. Aytes often worked in Washington, D.C. (in person or via teleconference) under the alleged discriminatory and retaliatory conditions imposed by her supervisors.  If Ms. Aytes' claims survive, the Court further notes that relevant witnesses to her case are likely to reside or work in or near Washington, D.C.  While venue may also be proper for Ms. Aytes' suit in New York, these facts weigh in favor of transferring Ms. Aytes' suit to the District of Columbia.

---

[1]  Ms. Aytes alleges she submitted a charge of discrimination to the Equal Employment Opportunity Commission and received a right to sue letter on March 3, 2021.  *See* Dkt. No. 15 at 13.  She filed her initial Complaint on this same day.  Suits for employment discrimination under Title VII must be brought within ninety days of the plaintiff's receipt the EEOC's right to sue letter.  42 U.S.C. § 2000e-5(f)(1).  Any refiled action would fall outside the ninety-day limitations period.

[2]  Because Ms. Aytes' claims should be addressed in the proper venue, this Court should not judge the merits of Ms. Aytes' case or whether it was filed in good faith.

IT IS THEREFORE ORDERED that Defendant Federal Deposit Insurance Corporation's Motion to Transfer for improper venue pursuant to Rule 12(b)(3) [Dkt. No. 17] is GRANTED. Ms. Aytes' case is transferred to the United States District Court for the District of Columbia for all further proceedings.

Dated this 27th day of March 2023.

_____

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE